UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ELITE PLASTIC SURGERY, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 1:16cv966 |
| ) | |
| WENDY SEEKFORD, ) | |
| Defendant. ) | |
| ) | |
| ) | |

REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on plaintiff's Motion for Default Judgment (Dkt. 8.) After a representative for defendant Wendy Seekford failed to respond to plaintiff's Motion or to appear at the hearing before the undersigned Magistrate Judge on October 7, 2016, the undersigned took this matter under advisement.[1]

I. INTRODUCTION

A. Background

Plaintiff Elite Plastic Surgery, LLC ("Elite") is a Virginia limited liability company with its principal place of business in Fairfax County, Virginia. (Compl. ¶ 1.) Defendant Wendy Seekford is a resident of West Virginia. (Id. at ¶ 2.)

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), plaintiff's Motion for Default Judgment("Mot. Default J.") (Dkt. 8), the Declaration of Amer Saba, M.D. ("Saba Decl.") (Dkt. 8-1), the Declaration of Timothy B. Hyland ("Hyland Decl.") (Dkt. 8-2), and all attachments and exhibits submitted with those filings.

1

On September 28, 2015, defendant was admitted to Inova Fairfax Hospital, located in Fairfax County, Virginia, and required medical treatment for the injuries she suffered. (Id. at ¶¶ 6-7.) Amer Saba, M.D. ("Dr. Saba"), manager of Elite, performed medical procedures on defendant at Inova Fairfax Hospital and additional medical services at defendants request in Fairfax County, Virginia. (Id. at ¶¶ 8-9.) Despite plaintiff's demand for payment, plaintiff alleges defendant has not paid for services provided and the unpaid invoices amount to $79,393.00. (Id. at ¶¶ 10-11.) Plaintiff also contends defendant has received payment in full from a third party insurance company for the services rendered by plaintiff but has not provided these funds to plaintiff. (Id. at ¶ 13.)

On July 27, 2016, plaintiff brought suit against defendant Seekford for action on account and quantum meruit. (Dkt. 1 at ¶¶ 19, 24.) Plaintiff is now seeking $79,393.00 plus interest and costs. (Id. at 4; Mot. Default J. 5.)

### B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject matter and personal jurisdiction over the defaulting party/parties.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which provides that the district courts shall have original jurisdiction over all civil actions where the

matter in controversy exceeds $75,000.00 and is between citizens of a state and citizens of a foreign state. See 28 U.S.C. § 1332(a)(2). Plaintiff is a Virginia limited liability company.(Compl. ¶ 1.) Defendant is a natural person who is a resident and domiciliary of West Virginia. (Id. at ¶ 2.) Plaintiff seeks an award of $79,393.00, plus interest and costs. (Id. at ¶ 18,23; Mot. Default J. 5.) Therefore, because there is complete diversity and a sufficient amount in controversy, this Court has subject matter jurisdiction over this dispute.

This Court has personal jurisdiction over defendant under Virginia Code § 8.01-328.1(A)(1), which provides that a Virginia court may exercise personal jurisdiction over any person in a matter related to that person's transactions of business in the Commonwealth of Virginia. Defendant's substantial transaction of business in the Commonwealth of Virginia subjects defendant to personal jurisdiction.

Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred in this district. (Compl. ¶ 5.)

### C. Service of Process

As a general rule, a defendant must be served with the summons and complaint filed with the court. Fed. R. Civ. P. 4. Under Federal Rule of Civil Procedure 4(e), an individual is

properly served by delivering to the person a copy of the summons and the complaint, or leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. On August 13, 2016, a server for plaintiff, Gerald S. Bowers, personally served defendant Wendy Seekford with a copy of the Summons and Complaint. (Dkt. 4.) Therefore, service was proper under Federal Rule of Civil Procedure 4(e).

### D. Grounds for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On September 14, 2016, the Clerk of this Court entered default as to Wendy Seekford pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55(a). (Dkts. 6,7.) After defendant failed to respond to plaintiff's Motion or to appear at the hearing before the undersigned Magistrate Judge on October 7, 2016, the undersigned took this matter under advisement.

## II. FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff has established the

following facts.

Plaintiff Elite Plastic Surgery, LLC is a Virginia limited liability company with its principal place of business in Fairfax County, Virginia. (Compl. ¶ 1.) Defendant Wendy Seekford is a resident of West Virginia. (Id. at ¶ 2.)

On September 28, 2015, defendant was admitted to Inova Fairfax Hospital, located in Fairfax County, Virginia, and required medical treatment for the injuries she suffered. (Id. at ¶¶ 6-7.) Amer Saba, M.D. ("Dr. Saba"), manager of Elite, performed medical procedures on defendant at Inova Fairfax Hospital and additional medical services at defendants request in Fairfax County, Virginia. (Id. at ¶¶ 8-9.) Despite plaintiff's demand for payment, plaintiff alleges defendant has not paid for the services provided and the unpaid invoices amount to $79,393.00. (Id. at ¶¶ 10-11; Saba Decl. ¶9.) Plaintiff also contends defendant has received payment in full from a third party insurance company for the services rendered by plaintiff but has not provided these funds to plaintiff. (Id. at ¶ 13; Saba Decl. ¶14.)

Plaintiff provided invoices properly itemizing the services provided and the amount due for each service. (Mot. Default J. Ex. A) Despite repeated demands for payment by plaintiff, defendant has failed to pay plaintiff's invoices. (Compl. ¶ 11.)

III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

Plaintiff alleges defendant is indebted on the account to Elite for $79,393.00 plus interest and costs. (Compl. ¶ 19.) Plaintiff provided defendant with invoices properly itemizing the services provided but the account has not been paid by defendant. (Id. at ¶¶ 15, 18.) Plaintiff relies on the common law claim of action on account and states "the elements of proof of an action on account are substantially the same as in any other contractual action. Plaintiff must show that there was an offer, acceptance, and consideration between the parties, as well as the correctness of the account and reasonableness of the charges." (Mot. Default J. 4.) It is apparent that defendant requested the services of plaintiff, plaintiff performed such services, and subsequently billed plaintiff according to his customary rates. (Saba Decl. ¶3, 10.) The account has not been paid by defendant. (Id. at 10.)

In the alternative, plaintiff seeks to establish a claim for quantum meruit under Virginia law. (Compl. ¶ 24; Mot. Default J. 4.) Quantum meruit is an equitable action that provides relief where one party has been unjustly enriched by the labor of another. Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp., 961 F.2d 489, 490-91 (4th Cir.1992). To recover for quantum meruit, a plaintiff must show that "(i) he rendered valuable services, (ii) to the defendant, (iii) which were requested and accepted by the defendant, (iv) under such circumstances as reasonably notified the defendant that the claimant, in performing the work, expected to be paid by the defendant." Id.; See also Unidyne Corp. v. Aerolineas Argentinas, 590 F. Supp. 391, 397 (E.D.Va.1984). The doctrine is "based on equitable principles ... that a man shall not be allowed to enrich himself unjustly at the expense of another." Kern v. Freed Co., 224 Va. 678, 299 S.E.2d 363, 365 (1983) (internal punctuation and citations omitted). Whether the defendant has been unjustly enriched is therefore essential to recovery for quantum meruit. Datastaff Tech. Grp., Inc. v. Centex Const. Co., 528 F. Supp. 2d 587, 598 (E.D. Va. 2007).

First, plaintiff has shown he rendered valuable services to defendant. On September 28, 2015, Dr. Amer Saba, acting as manager for plaintiff performed medical procedures for the injuries of defendant at Inova Fairfax Hospital. (Compl. ¶¶ 7,8;

7

Saba Decl. ¶¶6,7.) Second, plaintiff treated defendant by performing medical procedures on defendant. (Id. at ¶¶ 8,9.) Third, Dr. Saba provided additional medical services for defendant at her request. (Id. at ¶9.) Additionally, defendant knew plaintiff was performing valuable services for her benefit. (Id. at ¶21; Mot. Default J. 5.) Therefore, the services were requested and accepted by defendant. Forth, plaintiff expected to be paid after performing medical procedures on defendant and notified defendant repeatedly of the unpaid invoice. (Id. at ¶11.) Plaintiff provided a list of services rendered and the charge for each. (Saba Decl., Ex. A.)

Therefore, the undersigned finds plaintiff has pled sufficient facts to establish its claims under either theory.

## IV. REQUESTED RELIEF

Plaintiff seeks damages in the amount of $79,393.00 plus prejudgment and post judgment interest at 6% per annum and costs (Mot. Default J. 5.) This amount represents the unpaid invoices of services rendered by plaintiff for the benefit and with approval by defendant.

## V. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff Elite against defendant Wendy Seekford in the amount of $79,393.00 plus interest and costs.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

Wendy Seekford
3104 Vineyard Road
Falling Waters, WV 25419

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

November 15, 2016
Alexandria, Virginia